Filed 12/29/25  P. v. Johnson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084900 |
| v. | (Super.Ct.No. FVA901805-2) |
| LEE ALLEN JOHNSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Affirmed.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Christopher P. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

In a previous appeal, we reversed an order denying defendant and appellant Lee Allen Johnson's petition for resentencing under Penal Code[1] section 1170.91 based on a recent amendment to that statute that made him potentially eligible for relief even though his sentence was imposed after a plea. (*People v. Johnson* (Mar. 27, 2024, E080742) [nonpub. opn.].) Johnson now appeals from the trial court's order on remand, which again denied his petition. We find no abuse of discretion and affirm.

FACTS

"In 2021, Lee Johnson pled guilty to voluntary manslaughter (§ 192, subd. (a)) and admitted to a firearm use enhancement (§ 12022.5, subd. (a)). In return, he received a stipulated sentence of 21 years." (*People v. Johnson*, *supra*, E080742.) Eleven years of that sentence were imposed for the substantive offense, while 10 years were imposed for the enhancement.

"In December 2022, Johnson petitioned for resentencing under section 1170.91. The prosecution opposed the petition, citing [*People v. King* (2020) 52 Cal.App.5th 783 (*King*)] for the proposition that resentencing under section 1170.91 was not available to those serving stipulated sentences. [¶] The court heard and denied the petition in February 2023." (*People v. Johnson*, *supra*, E080742.)

Amendments to section 1170.91, effective January 1, 2023, allowed defendants serving stipulated sentences who are otherwise eligible for relief to be resentenced under section 1170.91. (See § 1170.91, subds. (a), (b)(1) & (b)(3) [if a petitioner "satisfies the

---

[1] Undesignated statutory references are to the Penal Code.

criteria, the court may, in the interest of justice, and regardless of whether the original sentence was imposed after a trial or plea," grant resentencing]; *People v. Harrell* (2023) 95 Cal.App.5th 161, 168 (*Harrell*) [concluding amendments were "clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91"].) We therefore remanded for the trial court to "reconsider the petition taking into account the amendments to section 1170.91 and our decision in *Harrell*." (*People v. Johnson*, *supra*, E080742.)

The trial court found Johnson eligible for resentencing under section 1170.91 because "potential traumatic stress suffered from his military service was not addressed when he initially pled." It then set the matter for hearing on whether he was suitable for resentencing. After that hearing on October 18, 2024, the court denied the petition and explained its reasoning:

"It is well settled when a case is remanded for sentencing after there is an appeal, which we have here, the defendant is entitled to all normal rights and procedures available at his original sentencing, including consideration of any pertinent circumstances which have arisen since his prior sentence was imposed. . . .

"And my understanding is the People have presented conduct that [Johnson] was involved in while he's been in custody, in their brief. So the Court's considered that, and I think the Court can consider that.

"The court considers the circumstances in aggravation contained in the probation report. The Court also found the fact that the defendant was a member of the U.S.

3

military who may be suffering from a post-traumatic disorder—the Court finds that as a circumstance in mitigation, and the Court did consider it.

"The Court also took into account the fact that the defendant was convicted of voluntary manslaughter and not murder. Facts of charges dismissed as part of a plea bargain if transactionally related, which they were in this case, can be considered in regard to sentencing decisions. . . .

"Based on consideration of the factors in aggravation, the factors in mitigation, including his military service, his post-conviction conduct, both good and bad, and also the fact that he could have been convicted of murder and he wasn't, the Court finds the defendant is not a suitable candidate for resentencing. And, in fact, it would be contrary to the interest of justice to grant his petition. The petition for resentencing is denied."

DISCUSSION

Johnson argues the trial court abused its discretion by failing to consider several factors showing he was suitable for resentencing and that modification of his sentence would be in the interest of justice.[2]

A. *Applicable Law*

"Section 1170.91 provides relief to defendants who were or are members of the United States military 'who may be suffering from sexual trauma, traumatic brain injury,

---

[2] In the interest of judicial economy, as well as to forestall a habeas petition claiming ineffective assistance of counsel, we exercise our discretion to address Johnson's arguments on the merits, rather than consider whether he forfeited some or all of them, as the People have argued. (See *People v. Williams* (2000) 78 Cal.App.4th 1118, 1126.)

4

post-traumatic stress disorder, substance abuse, or mental health problems as a result of [their] military service." (§ 1170.91, subds. (a), (b)(1).) One form of relief this section offers is that defendants currently serving a sentence for a felony conviction may petition for resentencing. (§ 1170.91, subd. (b)(1).) However, prior to January 1, 2023, this relief was not available to those serving a stipulated sentence. (*King*, *supra*, 52 Cal.App.5th at pp. 790-791." (*People v. Johnson*, *supra*, E080742.)

This changed in early 2023. "Effective January 1, 2023, the Legislature amended section 1170.91 to specify that if a 'person satisfies the criteria, the court may, in the interest of justice, *and regardless of whether the original sentence was imposed after a trial or plea*,' resentence a petitioner. (§ 1170.91, subds. (a), (b)(1) & (b)(3), Stats. 2022, ch. 721, § 1 (italics added).) This court has already considered these amendments and concluded they 'clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91.' (*People v. Harrell* (2023) 95 Cal.App.5th 161, 168 (*Harrell*).) Accordingly, as of January 1, 2023, defendants serving stipulated sentences who are otherwise eligible for relief may be resentenced under section 1170.91." (*People v. Johnson*, *supra*, E080742.)

The first step in considering a petition for resentencing under section 1170.91 is to "make an eligibility determination by assessing whether the petitioner has satisfied the basic criteria for resentencing, i.e., whether the petitioner may be suffering from a qualifying disorder from his military service and that circumstance was not considered as a mitigating factor at his original sentencing hearing." (*People v. Hayde* (2025) 113

5

Cal.App.5th 587, 597 (*Hayde*); see § 1170.91, subd. (b)(3).) There is no dispute that the court was correct to find Johnson eligible for resentencing.

The next step is to determine whether the petitioner is suitable for resentencing. "If the trial court finds the petitioner is eligible for resentencing, it 'may, in the interest of justice,' resentence him to a lesser term. (§ 1170.91, subd. (b)(3).) That decision is discretionary, but not without limits. In deciding whether a defendant is suitable for resentencing, the court may not act in an arbitrary or capricious manner or rely on improper considerations." (*Hayde*, *supra*, 113 Cal.App.5th at p. 597.) "Rather, it must base its decision on an individualized assessment of the defendant, his offenses, and the public interest." (*Ibid.*)

B. *Analysis*

Johnson argues the trial court's assessment of his suitability failed to account for three "factors" showing his suitability for resentencing in the interest of justice: (1) A letter from a Department of Veterans Affairs "Re-Entry Outreach Specialist" promising him assistance upon his release; (2) his youth at the time of the offense (he was 25 years old); and (3) that the firearms enhancement caused the sentence to exceed 20 years, so it could be dismissed under section 1385, subdivision (c)(2)(C).

Johnson's argument that the court overlooked these factors rests on his inferring that, because the court did not expressly mention them in its explanation of its ruling, it is "plain that the court did *not* consider" them. That is not the proper analysis. We cannot infer the trial court did not consider mitigating factors merely because it did not discuss

6

them on the record.  A trial court is presumed to have been aware of and followed the applicable law in the absence of affirmative evidence to the contrary.  (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398.)  We must presume on a silent record that the court was aware of the evidence before it.  (*People v. Leonard* (2014) 228 Cal.App.4th 465, 478 (*Leonard*); Cal. Rules of Court[3], rule 4.409 ["Relevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise"].)

Nothing in the record shows the trial court failed or refused to consider any of the factors Johnson raises.  Johnson filed the letter from the Department of Veteran Affairs in support of his petition and defense counsel referred to it during argument.  The court never suggested it declined to consider it.  (Cf. *Hayde*, *supra*, 113 Cal.App.5th at p. 598 [trial court announced it would not consider postconviction conduct, erroneously believing that was "'outside the analysis for purposes of' resentencing under section 1170.91"].)  In the same vein, Johnson's age at the time of his offense and the effect of the firearms enhancement were in the record, and we must presume the trial court considered their significance.

Johnson focuses on the fact that neither his youth nor his enhancement were expressly listed as mitigating factors in the probation report, which was prepared for his original sentencing.  At the time, neither Johnson's youth nor the fact that the enhancement increased his sentence beyond 20 years was listed as a circumstance in

---

[3] Undesignated rules references are to the California Rules of Court.

mitigation in the rules of court, as they are now. (See rule 4.423(b)(6) & (10).) Thus, the probation report listed only a single fact in its "Circumstances in Mitigation" section, Johnson's lack of any serious previous criminal record. At the hearing on his petition, though, the trial court did not suggest that it considered only the circumstances in mitigation listed in the outdated probation report. On the contrary, it acknowledged Johnson was entitled to "consideration of any pertinent circumstances which have arisen since his prior sentence was imposed." Thus, because there is no evidence otherwise, we must presume the trial court considered included all mitigating circumstances required to be considered under current law and supported by the record. (*Leonard*, *supra*, 228 Cal.App.4th at p. 478; rule 4.409.) That includes the later-submitted letter from the Department of Veterans Affairs, Johnson's youth at the time of his offense, and the effect of the firearms enhancement on his sentence.

### DISPOSITION

We affirm the order denying Johnson's petition for resentencing under section 1170.91.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:

CODRINGTON_____
Acting P. J.

FIELDS_____
J.

8